THE STATE *vs.* CHARLES DREDDEN, alias CHARLES REDDEN.

Sussex County, April Term, 1893.

**Married Women.**—Under a statute authorizing a married woman to acquire and hold personal property she can only hold such property when acquired from some other person than her husband and whatever she may acquire from him is not her property, but is subject to be recalled and reclaimed by him at his pleasure.

**Indictment. Larceny.**—An indictment which lays the stolen property in the husband is good, even though the proof shows said property to be jointly that of the husband and wife.

This was an indictment for the larceny of chickens which were alleged to be the property of Benjamin F. B. Woodall.

*R. C. White,* for the defendant, contended that the property alleged to have been stolen was in fact the property of Woodall and his wife jointly, and upon the ground that this appeared from the evidence in the case asked the Court to direct a verdict for acquittal.

*Branch R. Giles,* Deputy Attorney General, for the State.

LORE, C. J. (charging the jury.)

The charge in this case is larceny, or, as it is termed in common parlance, "stealing." It is defined to be the felonious taking and carrying away of the personal property of another—which he knows at the time he takes it is the property of another—with the intent to deprive the person of the ownership of his own property.

It is necessary for the State to prove: First, that it was the property of some other person—in this case the property of Benjamin F. B. Woodall—that it was taken in this county; also the value of the property taken, and that it was taken by the defendant.

But in this case it is claimed and very ably presented by the counsel for the prisoner that the property alleged to have been taken was the property of both the prosecuting witness and his wife jointly, and that for that reason your verdict must be a verdict of not guilty.

We cannot so charge this jury. At common law, gentlemen, a married woman could have no personal property, separate and distinct from the ownership and control of her husband. We think that this statute (viz. Sec. 3, chap. 133, page 798 of the Revised Code) does not enable her to hold personal property, except it is acquired from some other person than her husband. Whatever she may acquire from her husband—if she could acquire such —is not her property, but is her husband's, and can be recalled and reclaimed at any time at his pleasure—in fact, it is his property.

If, therefore, from the evidence in this case, you shall find that these chickens were the property of the husband, although the claim is made that they were jointly his wife's, that they were of the value alleged that they were taken at the time and place stated and taken by this prisoner then your verdict should be a verdict of guilty.

*Verdict, " Guilty."*